# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SNAPNMEDTECH, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>9311 SOUTH ORANGE BLOSSOM TRAIL OPERATIONS LLC d/b/a PARKS HEALTH AND REHABILITATION CENTER, a Florida limited liability company; 125 ALMA BOULEVARD OPERATIONS LLC d/b/a ISLAND HEALTH AND REHABILITATION CENTER, a Florida limited liability company; WEST ALTAMONTE FACILITY OPERATIONS, LLC d/b/a LIVING CENTER OF WEST ALTAMONTE, a Florida limited liability company; 710 NORTH SUN DRIVE OPERATIONS LLC d/b/a LAKE MARY HEALTH AND REHABILITATION CENTER, a Florida limited liability company; and 1550 JESS PARRISH COURT OPERATIONS LLC d/b/a VISTA MANOR, a Florida limited liability company<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

1

## ORIGINAL COMPLAINT

Plaintiff SnapMedTech, Inc. ("SnapNurse") files this Original Complaint against Defendants 9311 South Blossom Trail Operations LLC d/b/a Parks Health and Rehabilitation Center ("Parks"), 125 Alma Boulevard Operations LLC d/b/a Island Health and Rehabilitation Center ("Island"), West Altamonte Facility Operations LLC d/b/a Living Center of West Altamonte ("West Altamonte"), 710 North Sun Drive Operations LLC d/b/a Lake Mary Health and Rehabilitation Center ("Lake Mary"), and 1550 Jess Parrish Court Operations LLC d/b/a Vista Manor ("Vista Manor") (collectively, "Defendants" or "Consulate") and alleges as follows:

### I.   THE PARTIES

1. Plaintiff SnapMedTech, Inc. is a Delaware corporation having its principal place of business at 1201 Peachtree Street NE, Building 400, Suite 1800, Atlanta, Georgia 30361.

2. Defendant Parks is a Florida limited liability company having its principal place of business at 9311 South Orange Blossom Trail, Orlando, Florida 32837.  Parks's registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.  Parks can be served at its principal place of business or by and through its registered agent.

3. Defendant Island is a Florida limited liability company having its principal place of business at 125 Alma Boulevard, Merritt Island, Florida 32953. Island's registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301. Island can be served at its principal place of business or by and through its registered agent.

4. Defendant West Altamonte is an Ohio limited liability company having its principal place of business at 1099 West Town Parkway, Altamonte Springs, Florida 32714 (Florida registration) and a principal address at 850 Concourse Parkway South, Suite 250, Maitland, Florida 32751 (Florida Secretary of State website). West Altamonte's registered agent is Corporation Service Company, located at 1201 Hay Street, Tallahassee, Florida 32301. West Altamonte can be served at its principal place of business or by and through its registered agent.

5. Defendant Lake Mary is a Florida limited liability company having its principal place of business at 710 N. Sun Drive, Lake Mary, Florida 32746. Lake Mary's registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301. Lake Mary can be served at its principal place of business or by and through its registered agent.

6. Defendant Vista Manor is a Florida limited liability company having its principal place of business at 1550 Jess Parrish Court, Titusville, Florida 32796.

Vista Manor's registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301. Vista Manor can be served at its principal place of business or by and through its registered agent.

## II.     JURISDICTION AND VENUE

7.     This is an action for breach of contract between parties of complete diversity in terms of state citizenship, and the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a).

8.     Personal jurisdiction over Consulate is proper in this Court and judicial district because Consulate has sufficient minimum contacts with this state by engaging in activities giving rise to these claims for breach of contract that were and are directed at this judicial district. Consulate reached out to Plaintiff in this District seeking Plaintiff's services emanating from this District.

9.     Personal jurisdiction over Consulate is proper in this Court and judicial district under the controlling law provision in the Crisis Staffing Agreement between the parties. Exhibit A, Consulate Agreement at 3 ¶ O.

10.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to SnapNurse's claims have occurred within this judicial district. Defendants sought SnapNurse's

services from this District and signed a contract which was executed in this District. SnapNurse's technological services, which Defendants contracted for, originate in this District, and all billing functions which are the subject of this litigation occur within this District.

### III. BACKGROUND

11. SnapNurse is a provider of technology-enabled contract nursing services. The company assists healthcare facilities throughout the country in securing nurses and other health care professionals to work on a short to medium term basis.

12. In doing so, SnapNurse works to retain qualified, licensed, and accredited health care personnel that meet the needs of its health care facility clients. SnapNurse then compensates the personnel for the time and work and invoices the facility for payment based on agreed-upon rates with the facility.

13. On April 7, 2021, Mikki Meer, President of Consulate Health Care, signed a Crisis Staffing Agreement ("Consulate Agreement") on behalf of Consulate Health Care. Cherie Kloss, the CEO of SnapNurse, signed the Agreement on behalf of SnapNurse. *See* Ex. A, Consulate Agreement.

14. By the terms of the Agreement, Consulate would request nursing personnel to fill temporary positions required by Consulate, and SnapNurse would

seek and retain qualified nursing personnel to fill the orders made by Consulate. *See* Ex. A, Consulate Agreement.

15. Over the next few months, additional Consulate Health Care entities sought and contracted with SnapNurse to provide these same services.

16. On March 31, 2021, 9311 South Orange Blossom Trail Operations, LLC, doing business as Parks Healthcare and Rehabilitation Center ("Parks"), contracted with SnapNurse for SnapNurse to provide its nurse staffing services. Exhibit B, Parks Agreement at 1.

17. On May 24, 2021, 125 Alma Boulevard Operations, LLC, doing business as Island Health and Rehabilitation Center ("Island"), contracted with SnapNurse for SnapNurse to provide its nurse staffing services. Exhibit C, Island Agreement.

18. On July 9, 2021, West Altamonte Facility Operations, LLC, doing business as Consulate Healtch Care of West Altamonte ("West Altamonte"), contracted with SnapNurse for SnapNurse to provide its nurse staffing services. Exhibit D, West Altamonte Agreement.

19. Each of these contracting entities, Parks, Island, and West Altamonte, were, at the time of contracting, under the umbrella of Consulate Health Care.

Consulate Health Care, in January 2021, owned over 80 nursing homes in Florida, as the largest nursing home provider in the state of Florida.

20. While Consulate Health Care and its associated entities entered the respective contracts between April and July 2021, Defendants did not begin ordering services from SnapNurse until later in the year. SnapNurse began billing Defendants on September 2, 2021, with the first payments due exactly one month later. *See* Exhibit E, Consulate Account Statement.

21. SnapNurse provided nurse staffing services to Defendants at Consulate's Lake Mary Health and Rehabilitation Center and at Consulate's Vista Manor location in Titusville, Florida, under the Consulate Agreement. SnapNurse provided nurse staffing services to Defendants Parks, Island, and West Altamonte under the respective agreements signed by each of Parks, Island, and West Altamonte.

22. SnapNurse proceeded to retain qualified nursing personnel to fill the orders Defendants submitted to SnapNurse. Beginning in September 2021, SnapNurse personnel began shifts performing nursing duties at Defendants' nursing facilities. SnapNurse paid significant sums for travel and housing expenses for the nurses to arrive as contemplated by Defendants.

23. Defendants continued requesting SnapNurse's services and utilizing SnapNurse's personnel heavily, requiring over 100 individual orders between September 2, 2021, and May 12, 2022. *See* Ex. E, Consulate Account Statement

24. In doing so, Defendants accrued a collective total of $3,535,326.32. However, Defendants summarily failed to pay these invoices when they were sent, and Defendants have summarily refused to pay these invoices when requested and notified.

25. After SnapNurse provided nursing personnel that had capably performed and completed shifts at Defendants' nursing facilities, Defendants failed to pay the amount owed under the Agreements, which provide the hourly rates for the nurses requested. *See* Ex. A at Exhibit 1; Ex. B at Exhibit 1; Ex. C at Exhibit 1.

26. Since beginning the engagement with Consulate pursuant to the Agreements, SnapNurse provided nursing services and accordingly invoiced Cosulate—$3,535,326.32 remains unpaid. Ex. E, Consulate Account Statement.

27. Pursuant to the Agreements, Defendants were required to pay SnapNurse's invoices within 30 days of the invoice:

> **INVOICING**
>
> Agency will invoice Client weekly for Staff's work. All invoices are due and payable within 30 days of receipt. Agency invoices to Client unpaid after 30 days of receipt shall accrue interest at a rate of three (3%) per year, or

>fraction thereof. If a dispute arises about an invoice, Client shall pay the undisputed amount pending the parties' resolution of the disputed amount. All payments to Agency shall be made by wire transfer.

Ex. A, at 2.

28. In addition, the Agreement provides that a prevailing party may recover attorneys' fees for any dispute arising under the agreement, including the recovery of amounts due on invoices.

>N. <u>Attorney Fees</u>. The prevailing Party in any arbitration or lawsuit arising from any dispute or claim under this Agreement shall be entitled to recover its reasonable attorney's fees, costs and expenses.

Ex. A, at 3.

29. SnapNurse invoiced Defendants for an amount equal to $3,535,326.32. Defendants have failed to pay any of the invoices despite repeated request, including through an attorney written demand letter sent on August 15, 2022.

30. At the same time, SnapNurse dutifully paid the nurses that have performed services for Defendants and reimbursed the expenses of those nurses.

31. SnapNurse has reached out to Consulate through a number of channels and provided Defendants every opportunity to make payment. Consulate has largely ignored SnapNurse's outreach and has made no indication it intends to make any payment to SnapNurse.

## IV.  CAUSE OF ACTION

### CLAIM I—BREACH OF CONTRACT

32. SnapNurse incorporates by reference all previous allegations as though set forth fully here.

33. A claim for breach of contract requires (1) a valid contract, (2) a breach of its material terms, and (3) damages arising therefrom.

34. SnapNurse and Consulate entered into their primary Agreement on April 7, 2021. *See* Ex. A, Agreement. SnapNurse and Consulate's associated entities also entered into their respective Agreements in the months following. *See* Ex. A; Ex. B; Ex. C. Defendants submitted orders for nursing personnel pursuant to the Agreements. The Agreements were valid and binding contracts throughout the duration of the relationship between SnapNurse and Defendants.

35. Defendants breached the Agreement by failing to pay the invoices SnapNurse submitted to Consulate for payment of services provided.

36. SnapNurse has incurred significant monetary damages as a result of Defendants' breach, including direct and consequential damages, along with attorneys' fees, court costs, and other expenses.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff SnapNurse respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff SnapNurse that Defendant Consulate has breached the parties' agreements;

b. A judgment and order requiring Defendants to pay SnapNurse its damages, costs, expenses, attorneys' fees, and prejudgment and post-judgment interest for Defendants' breach of contract; and

c. Any and all other relief as this Court may deem just and proper be awarded to Plaintiff SnapNurse.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), SnapNurse hereby demands a trial by jury of any issues so triable by right.


Dated: August 30, 2022                Respectfully submitted,

/s/ Benjamin D. Bailey
Benjamin D. Bailey
Georgia Bar Number 117201
Brannon McKay
Georgia Bar Number 558603
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
Tel. 713.410.6217
ben@cmblaw.com
brannon@cmblaw.com

*Counsel for Plaintiff SnapMedTech, Inc.*